IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD A. HEIMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-325-MJR |
| | ) |
| LISA HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner Chad Heiman, an inmate in USP Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In this action, he seeks credit against his sentence for participation in the Residential Drug Treatment Program.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Heiman is not entitled to relief, and the petition must be dismissed.

Heiman states that he completed a 500-hour drug abuse program within the Bureau of

Prisons ("the Bureau").  Having completed that program, he believes that he is eligible for an additional one year of good conduct credit against his sentence.  However, his request for that credit was denied because his underlying federal sentence includes a two-point enhancement for weapons.  Heiman argues that if he were housed at a federal institution within the Ninth Circuit, he would receive this credit, and thus the Bureau does not apply its policy with consistency at all institutions.[1]

The governing statute in questions provides, in pertinent part, that

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).  At issue in this case is the interpretation the phrase "prisoner convicted of a nonviolent offense ."

In 2001, the Supreme Court addressed this very question.  *See Lopez v. Davis*, 531 U.S. 230 (2001).  The Supreme Court first found that use of the word "may" in this part of the statute provided the Bureau with full discretion to award (or not award) sentence credit.  *Id.* at 241 ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.").  The Supreme Court then stated,

> Having decided that the Bureau may categorically exclude prisoners based on their preconviction conduct, we further hold that the regulation excluding Lopez is permissible.  The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.

---

[1] Heiman provides no authority for his contention that such credit would be granted in the Ninth Circuit.

*Id.* at 244.

Thus, it is clear that the Bureau has full discretion to deny this sentence credit to inmates whose underlying sentence resulted from any finding that weapons were involved. Because Heiman's sentence includes a two-point enhancement for weapons, the Bureau's employee, Ms. Kastner, acted within the scope of the Bureau's regulations and her discretion in denying this sentence credit to Heiman.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 15th day of December, 2009.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**
